**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

TAMMY MARIE WILLIAMS,
*Defendant-Appellant.*

No. 01-4770

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

JAMES TILLMAN,
*Defendant-Appellant.*

No. 01-4778

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

JAMERSON DEVOIR TILLMAN,
*Defendant-Appellant.*

No. 01-4779

Appeals from the United States District Court
for the District of Maryland, at Greenbelt.
Alexander Williams, Jr., District Judge.
(CR-00-137-AW)

Submitted: June 28, 2002

Decided: July 22, 2002

Before MICHAEL and KING, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Linda Theresa Spradlin-Dahn, Annapolis, Maryland; Peter M. Todaro, Michael J. Ciatti, James T. Phalen, Jeffrey T. Tao, KING & SPALDING, Washington, D.C.; Howard R. Cheris, Gaithersburg, Maryland, for Appellants. Thomas M. DiBiagio, United States Attorney, Stuart A. Berman, Jonathan M. Mastrangelo, Assistant United States Attorneys, Greenbelt, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

In these three appeals, Tammy Marie Williams, James Tillman, and Jamerson D. Tillman (collectively "Defendants") seek review of the district court's denial of their motions for a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978), to challenge the validity of certain search warrant affidavits and the denial of their motions to suppress evidence discovered as a result of the execution of the challenged warrants. Williams also appeals from the 37-month sentence she received for money laundering, arguing that the district court erred in enhancing her sentence by five levels on its finding that she knew that the money was the proceeds of drug trafficking activities. Finding no error, we affirm.

The Defendants challenge a number of statements in the search warrant affidavits, alleging that they are misrepresentations of facts intended to mislead as to the existence of probable cause. To warrant a *Franks* hearing, a defendant must "make[ ] a substantial preliminary showing that a false statement knowingly and intentionally, or with

reckless disregard for the truth, was included by the affiant in the warrant affidavit, and . . . the allegedly false statement is necessary to the finding of probable cause." *Franks*, 438 U.S. at 155-56. Addressing each of the statements, the district court found no intentional misrepresentations. We find no clear error by the district court in making this determination. *See United States v. Photogrammetric Data Servs., Inc.*, 259 F.3d 229, 237 (4th Cir. 2001) (providing standard), *cert. denied*, 122 S. Ct. 1295 (2002); *see also United States v. Pace*, 898 F.2d 1218, 1227 (7th Cir. 1990) (holding that a defendant's mere denial of statement in affidavit does not warrant *Franks* hearing); *United States v. Lyon*, 567 F.2d 777, 782 (8th Cir. 1977) (holding that ambiguous statement insufficient to establish intentional misrepresentation). Further, we find that none of the alleged misrepresentations were "necessary to the finding of probable cause." *Franks*, 438 U.S. at 155-56. Accordingly, we affirm the district court's denial of a hearing pursuant to *Franks*.

The Defendants next assert that there was an insufficient nexus between the Tillman brothers' drug dealing activities and their residences to justify the searches of their homes. They assert that the information given to the officers was that the Tillmans were known to store and deal drugs from their vehicles, not their homes. "[T]he nexus between the place to be searched and the items to be seized may be established by the nature of the item and the normal inferences of where one would likely keep such evidence." *United States v. Anderson*, 851 F.2d 727, 729 (4th Cir. 1988). "[G]reat deference" is given to the judge who issued the warrant. *United States v. Blackwood*, 913 F.2d 139, 142 (4th Cir. 1990).

Here, the facts presented in the search warrant affidavits supported the conclusion that the Tillmans were involved in a large-scale drug distribution operation. The officers verified information received in a tip and linked the brothers to two residences. During surveillance of the brothers, officers witnessed the Tillmans engage in a conversation with an individual in a Nissan Altima. The Tillmans then drove to the residence of Jamerson Tillman, and, after a brief stop there, again met with the individual in the Nissan. A stop of the Nissan resulted in 1,292 grams of cocaine being recovered from the scene.

In the search warrant affidavits, the officer stated that, based on his training and experience, he believed that contraband and evidence of

a crime would be found in the Tillmans' residences. We find that the judges issuing the warrants did not err in finding that probable cause existed. *See Illinois v. Gates*, 462 U.S. 213, 231-32 (1983) (holding that officers may make deductions, assess probabilities, and draw inferences based on their training and experience); *United States v. Williams*, 974 F.2d 480, 481-82 (4th Cir. 1982) (upholding warrant to search motel room based on affidavit evidence that the occupant of the room was an active drug dealer); *Anderson*, 851 F.2d at 729 (finding probable cause if it may be reasonably inferred from the circumstances that contraband or evidence of a crime will be found). Accordingly, we affirm the district court's denial of the motions to suppress evidence.

Lastly, Williams challenges the five-level enhancement to her sentence based on the finding that, at the time of her money laundering offense, she knew that the source of the laundered funds was drug proceeds. *See U.S. Sentencing Guidelines Manual* § 2S1.2(b)(1)(A) (2000). She asserts that the district court erred in relying upon evidence discovered during the March 2000, search of the residence she shared with Jamerson Tillman to determine her knowledge as of December 1999.

In her plea agreement, Williams admitted that she knew that the money she used to purchase a home with Jamerson Tillman was from illegal activities; however she disputes that she knew that it was from drug trafficking. In determining Williams' knowledge, the district court relied upon the relationship between Jamerson Tillman and Williams, evidence that Tillman's drug distribution activity predated December 1999, the purchase of the home, the fact that the couple's expenses exceeded Williams' modest income, and evidence of the pervasiveness of drugs and money throughout the apartment that Williams shared with Jamerson Tillman. The court found that Williams clearly had knowledge of—or was willfully blind to—the source of the funds. We find no clear error in the district court's finding. *See United States v. Garnett*, 243 F.3d 824, 828 (4th Cir. 2001) (providing standard).

In conclusion, we affirm the district court's denial of the motions for a *Franks* hearing and the motions to suppress evidence and therefore affirm the Defendants' convictions. We also affirm Williams'

sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*