UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

MICHAEL A. CLARK,
            *Defendant-Appellant.*

No. 01-4839

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert E. Payne, District Judge.
(CR-00-244)

Submitted: July 31, 2002

Decided: October 9, 2002

Before MICHAEL, TRAXLER, and KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Charles Arthur Gavin, BLACKBURN, CONTE, SCHILLING & CLICK, P.C., Richmond, Virginia, for Appellant. Paul J. McNulty, United States Attorney, Stephen W. Miller, Assistant United States Attorney, Richmond, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Michael Clark was convicted by a jury of possession with intent to distribute crack cocaine, *see* 21 U.S.C. § 841; possession of crack cocaine and powder cocaine, *see* 21 U.S.C. § 844; possession of an unregistered sawed-off shotgun, *see* 26 U.S.C. § 5861(d); and possession of a firearm despite a previous felony conviction, *see* 18 U.S.C. § 922(g)(1). The district court sentenced Clark to a total term of 262 months imprisonment. Clark appeals, claiming that the district court erred in denying two motions to suppress evidence and that, in any event, the evidence was insufficient to support his conviction on the firearms counts. We affirm.

In May 2000, Richmond police officer Jason Yarema submitted an application for a search warrant for Clark's residence at 2504 Wise Street. The supporting affidavit stated that a reliable confidential informant (CI) had provided information that, within the past 72 hours, he had seen an individual known as "Face" (later identified as Clark) at 907 Mosby Street with a quantity of crack cocaine and marijuana. According to the CI, the crack was packaged in small quantities for street distribution and was for sale. The CI said that "Face" was supplying crack cocaine to "Pap," who lived at 907 Mosby Street, and that he had seen "Face" at that address "on a regular basis" with crack cocaine, marijuana, and firearms. The CI also said that he had been at "Face's" residence and had seen "Face" in possession of crack cocaine packaged for sale, as well as a handgun and a shotgun. The CI said that "Face" previously owned a green Ford Taurus but now drove a blue Ford Taurus.

Based on detailed directions given to them by the CI, Yarema and another officer began surveillance of Clark's residence at 2504 Wise Street. The officers observed a blue Ford Taurus parked in front; they also observed Clark get in the car and drive to 907 Mosby Street. Clark stayed in the apartment approximately five minutes and then drove away.

Later that day, two other Richmond police officers stopped Clark for a traffic violation, independently of the ongoing investigation of

Clark's suspected drug activities. Clark was arrested for driving with a suspended license, and a search incident to his arrest revealed a small quantity of marijuana and $1200 in cash. This information was later relayed to Yarema and included in the affidavit in support of the search warrant.

Officer Yarema obtained search warrants for Clark's residence and the blue Ford Taurus he was driving when stopped the day before. Clark was arrested shortly after leaving his residence; a search incident to his arrest revealed 5.879 grams of crack cocaine, .647 grams of powder cocaine, and a total of $1566 in cash. After Clark was given his *Miranda* warnings, he told the officers that he had a shotgun with ammunition in his bedroom, an unloaded pistol on top of his refrigerator, and a hand grenade in his living room. He also told the officers that he had been selling cocaine to pay his bills, including his mortgage. A search of Clark's residence pursuant to the warrant revealed the guns and hand grenade in the locations described by Clark, as well as miscellaneous paraphernalia of drug distribution.

Clark moved to suppress the evidence taken from his residence on the grounds that the search warrant was invalid because the information provided by the confidential informant was stale and did not demonstrate a nexus between the residence and the items to be seized. Clark also claimed that he was coerced into making incriminating statements by the officers' threats to call child protective services if he did not cooperate. Clark filed a second motion to suppress the evidence, arguing that the traffic stop made the day before the search warrant was issued—and upon which the search warrant was partially based—was illegal. The district court denied both motions.

This court reviews the district court's factual findings on a denial of a motion to suppress for clear error and its legal conclusions de novo. *See United States v. Rusher*, 966 F.2d 868, 873 (4th Cir. 1992). We construe the evidence in the light most favorable to the party who prevailed below. *See United States v. Seidman*, 156 F.3d 542, 547 (4th Cir. 1998).

"Great deference is to be given a magistrate's assessment of the facts when making a determination of probable cause. Our inquiry is directed to whether the magistrate had a substantial basis for his con-

clusion that probable cause existed." *United States v. Williams*, 974 F.2d 480, 481 (4th Cir. 1992) (per curiam) (citations omitted). As it pertains to search warrants, probable cause exists when there is "a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983). Whether probable cause exists must be determined by looking to the totality of the circumstances surrounding the search. *See id.*; *see also United States v. Clyburn*, 24 F.3d 613, 617 (4th Cir. 1994) (explaining that "a totality-of-the-circumstances analysis . . . considers the informant's reliability and the basis of the informant's knowledge").

Based on our review of the record, we find that there is substantial evidence in the record supporting the issuance of the warrant here. The confidential informant's information was partially corroborated by the surveillance of Clark's residence; further, his information regarding Clark's previous ownership of a green Ford Taurus was verified through DMV records. *See United States v. Lalor*, 996 F.2d 1578, 1581 (4th Cir. 1993) ("Corroboration of apparently innocent details of an informant's report tends to indicate that other aspects of the report are also correct.").

Clark argues that the information provided by the informant was stale in that the affidavit failed to identify any dates when the CI had been at 2504 Wise Street. *See United States v. McCall*, 740 F.2d 1331, 1335 (4th Cir. 1984) (explaining that "time is a crucial element of probable cause"). However, as the district court noted, the CI stated that he had seen Clark at the Mosby Street residence within the past 72 hours with crack cocaine packaged for distribution. And, on the day before the issuance of the warrant, the police observed Clark leave his residence and drive to the Mosby Street address where the transaction occurred.

Next, Clark argues that the affidavit failed to provide a nexus between his residence and the items to be seized. However, the affidavit stated that the CI had been inside Clark's residence and had seen firearms and crack cocaine packaged for distribution. As the district court noted, it was reasonable to infer that Clark kept drugs and firearms at his residence given the most recent observations of him with drugs both on his person after his first arrest and at the Mosby Street address.

Clark also claims that the traffic stop was illegal and any information obtained as a result of the stop should have been suppressed. A traffic stop of a vehicle is permissible if the officer has probable cause to believe a traffic violation has occurred or a reasonable suspicion of unlawful conduct. *See Whren v. United States*, 517 U.S. 806, 809-10 (1996); *Rusher*, 966 F.2d at 875. Accordingly, when an officer observes even a minor traffic offense, a stop of the vehicle is permissible. *See United States v. Hassan El*, 5 F.3d 726, 730 (4th Cir. 1993). This is so even if the officer suspects the vehicle's occupants of some other criminal activity, and the stop remains valid even if the officer would have ignored the traffic violation but for his other suspicions. *See id.* It is undisputed that Clark's vehicle did not display a valid City of Richmond decal on the windshield, as required by law. The district court concluded as a factual matter that the officers verified that the car was registered in Richmond before they stopped the car, *see* J.A. 236-37, and the district court therefore determined that the stop was valid. Because the district court's factual findings are not clearly erroneous, Clark's challenge to the traffic stop fails.

Finally, Clark maintains that the district court erred in denying his motion to suppress incriminating statements he made at the time of his arrest. Clark alleges that he was coerced into making the statements because the officers threatened to have child protective services take his children (who were passengers in the vehicle) if he failed to cooperate. However, the district court, after hearing testimony from Clark and the officers, specifically discredited Clark's testimony, and Clark cannot show that this factual finding was clearly erroneous.

Clark also avers that the evidence was insufficient to support the two firearms convictions because, at the time of his arrest, he was not in actual possession of the weapons. However, neither § 5861(d) nor § 922(g)(1) require proof of actual or exclusive possession; constructive or joint possession is sufficient. *See United States v. Gallimore*, 247 F.3d 134, 136-37 (4th Cir. 2001); *United States v. Jackson*, 124 F.3d 607, 610 (4th Cir. 1997). The Government may prove constructive possession by presenting evidence that the defendant exercised dominion and control over the item or had the power to exercise dominion and control. *See Jackson*, 124 F.3d at 610. The Government's evidence that Clark knew the location of the weapons prior to

the search is sufficient to establish constructive possession of the weapons.

Accordingly, we affirm Clark's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED