**UNITED STATES of America, Plaintiff–Appellant,**

**v.**

**David Wayne WILLIAMS, Defendant–Appellee.**

**No. 91–5084.**

United States Court of Appeals, Fourth Circuit.

Argued May 4, 1992.

Decided Aug. 27, 1992.

William Graham Otis, Sr. Litigation Counsel, Office of the U.S. Atty., Alexandria, Va., argued (Richard Cullen, U.S. Atty., on brief), for plaintiff-appellant.

Robert Stanley Powell, Powell & Colton, P.C., Alexandria, Va., argued (Linda S. Chapman, on brief), for defendant-appellee.

Before RUSSELL and LUTTIG, Circuit Judges, and HOWARD, United States District Judge for the Eastern District of North Carolina, sitting by designation.

OPINION

PER CURIAM:

David W. Williams, indicted by a federal grand jury on one count of possession of less than 500 grams of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), moved to suppress evidence seized in a warrant-authorized search of his motel room. The district court found that the affidavit submitted to the magistrate failed to establish probable cause and granted the motion to suppress. The United States filed a timely notice of appeal. For the reasons stated below, we reverse.

I.

On May 3, 1989, a Fairfax County police officer stopped a car driven by Williams because the car did not have a Virginia state inspection sticker. A routine check of Williams' driver's license revealed that his license had been suspended and that he was wanted on a Bladensburg, Maryland, fugitive warrant. The officer immediately arrested Williams. At the time of his arrest, Williams possessed a receipt from the Statesman Motor Lodge in Fairfax County showing that he had paid $280 for a room. An employee of the motel confirmed that

Williams had paid cash for a one week stay. A lawful inventory search of Williams' car produced a concealed knife and several small plastic bags containing suspected drug residue.

Upon further investigation, the officer learned that Williams was wanted in Maryland for possession with the intent to distribute phencyclidine and marijuana. Less than three weeks earlier, Maryland police found 28 liquid ounces of phencyclidine, 10 pounds of marijuana, and three handguns at Williams' home while investigating a fire. Williams had been seen running from his burning apartment, which federal DEA agents reported was a PCP processing plant. A criminal history check indicated that Williams had seven prior drug related arrests. In addition, the officer learned that Williams used at least two aliases, had three social security numbers, and was considered by the Bladensburg City police to be a major importer of liquid phencyclidine and marijuana.

An affidavit summarizing these facts was prepared and presented to a Fairfax County magistrate together with a request for a search warrant to search Williams' motel room for records, documents, money, and paraphernalia used in the sale and distribution of narcotics. The affidavit did not identify the period of time for which the motel room had been leased.

The magistrate issued a search warrant to search Williams' room at the Statesman Motor Lodge. Following execution of the search warrant, officers seized $1,300 in cash, a triple-beam scale, an envelope containing marijuana residue, two packs of cigarette rolling papers, numerous small plastic bags containing a white solid substance, and 325 grams of cocaine.

On May 9, 1989, a grand jury in the United States District Court for the Eastern District of Virginia indicted Williams on one count of possession of less than 500 grams of cocaine with intent to distribute. Williams moved to suppress the evidence obtained as a result of the search of his motel room. He argued that the affidavit submitted to the magistrate failed to establish any probability that drugs or drug paraphernalia would be found at the motel room. The district court, after reviewing the affidavit, found no evidence linking Williams' past drug-related activities with Williams' motel room and suppressed the evidence.

II.

■ Great deference is to be given a magistrate's assessment of the facts when making a determination of probable cause. *United States v. Blackwood,* 913 F.2d 139, 142 (4th Cir.1990); *United States v. Cochrane,* 896 F.2d 635, 637 (1st Cir.), *cert. denied,* 496 U.S. 929, 110 S.Ct. 2627, 110 L.Ed.2d 647 (1990); *United States v. McManus,* 719 F.2d 1395, 1397–98 (6th Cir. 1983). Our inquiry is directed to whether the magistrate had a substantial basis for his conclusion that probable cause existed. *Blackwood,* 913 F.2d at 142; *United States v. Hodges,* 705 F.2d 106, 108 (4th Cir.1983).

■ The probable cause standard is not defined by bright lines and rigid boundaries. Instead, the standard allows a magistrate to review the facts and circumstances as a whole and make a common sense determination of whether "there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates,* 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983). In order to establish probable cause, the facts presented to the magistrate need only "warrant a man of reasonable caution" to believe that evidence of a crime will be found. *Texas v. Brown,* 460 U.S. 730, 742, 103 S.Ct. 1535, 1543, 75 L.Ed.2d 502 (1983) (plurality opinion). The probable cause standard "does not demand showing that such a belief be correct or more likely true than false." *Id.*

■ The affidavit submitted to the magistrate clearly establishes that Williams was a drug dealer. The affidavit also contains evidence that Williams was currently residing in the Statesman Motor Lodge. With this evidence before him, the magistrate must consider, in the light of all of the surrounding circumstances, the likelihood that drug paraphernalia would be found in the motel room of a known drug dealer. The magistrate concluded that there was a fair probability that drug paraphernalia would be found in Williams' mo-

tel room and issued the search warrant. The affidavit submitted to the magistrate fully supports this conclusion.

The magistrate's determination of probable cause in this case is also consistent with this court's holding in *United States v. Anderson*, 851 F.2d 727 (4th Cir.1988), *cert. denied*, 488 U.S. 1031, 109 S.Ct. 841, 102 L.Ed.2d 973 (1989). In *Anderson*, this court found that probable cause existed to search a trailer for weapons even though the affidavit did not contain any facts that the weapons were located at the place to be searched. The same is true here. The totality of facts presented to the magistrate were sufficient to establish a fair probability that drug paraphernalia would be found in Williams' room at the Statesman Motor Lodge.

### III.

Because the affidavit submitted to the magistrate contained sufficient facts to establish probable cause, the search of Williams' motel room was valid and the items seized as a result of that search should not be suppressed. Therefore, the order of the district court granting the defendant's motion to suppress is

REVERSED.