**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 97-4147

DENNIS JAMES BRACEY,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at New Bern.
Malcolm J. Howard, District Judge.
(CR-96-29)

Submitted: August 12, 1997

Decided: September 10, 1997

Before WILKINS, WILLIAMS, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

G. Alan DuBois, Assistant Federal Public Defender, Raleigh, North
Carolina, for Appellant. Janice McKenzie Cole, United States Attor-
ney, Anne M. Hayes, Assistant United States Attorney, Scott L. Wil-
kinson, Assistant United States Attorney, Raleigh, North Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant Dennis James Bracey appeals from his convictions pursuant to a plea agreement of three counterfeiting offenses, see (18 U.S.C. § 471 (1994)), and his resulting sentence of twenty months in prison, three years of supervised release, and $150 special assessment. Bracey reserved the right to appeal one issue to this court in his plea agreement: the propriety of the district court's adoption of a magistrate judge's report and recommendation to deny his motion to suppress evidence. Bracey asserts that the search warrant issued to search his home was not supported by probable cause. Finding no error, we affirm.

Police officers arrested Randy Johnson when he purchased fake drugs from an undercover police officer; after his arrest, officers discovered that Johnson used counterfeit $20 bills to make his purchase. Johnson later admitted that he received the bills from Bracey and that Bracey requested that he buy cocaine with the bills and then return to his house with the drugs. Johnson continued that Bracey told him he would "take care of" him if he returned with the drugs.

Officer Clay prepared an application for a warrant to search Bracey's home based largely upon Johnson's statements. In addition to setting out the above information, Clay stated that Johnson believed that "taking care of" him meant that he would receive additional counterfeit money from Bracey as payment for making the drug buy. Clay also stated that the counterfeit currency was uncreased and appeared to be in "mint condition"; that Bracey was known to work at a print shop in the area; that Bracey obtained the counterfeit bills he gave to Johnson from his wallet; and that other counterfeit money was recovered from the area of town where Bracey lived. A magistrate issued a search warrant based upon this information, and the search of Bracey's home uncovered a printing press and counterfeit currency.

2

At Bracey's request, a magistrate judge held a hearing pursuant to Franks v. Delaware, 438 U.S. 154 (1978), to assess the accuracy of information contained in the affidavit supporting the search warrant. Bracey asserted that the search warrant was invalid because the warrant application was insufficient to support any conclusion that evidence of criminal activity would be found at Bracey's home. He pointed out that there was no information to suggest that Johnson received the counterfeit from Bracey at his home, that Johnson had ever received counterfeit bills from Bracey at his home, or that Johnson had ever seen counterfeit at Bracey's home.

The warrant application linked illegal activity to Bracey's home by the statement attributed to the informant that he thought "taking care of" him meant that Bracey would give him additional counterfeit bills if he returned to the house with the drugs. Bracey, however, attacked the veracity of this statement below and reiterates his argument on appeal. The magistrate judge gave more credence to Officer Clay's testimony than Johnson's denial that he made the statement and recommended denying the motion to suppress. The district court agreed.

A district court's determination of probable cause under the Fourth Amendment is an issue of law that this court reviews de novo. United States v. Wilhelm, 80 F.3d 116, 118 (4th Cir. 1996). "Great deference is to be given a magistrate judge's assessment of the facts when making a determination of probable cause." United States v. Williams, 974 F.2d 480, 481 (4th Cir. 1992). The magistrate judge need only " make a common sense determination of whether `there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" Id. (quoting Illinois v. Gates, 462 U.S. 213, 238 (1983)). "[T]he facts presented to the judge need only`warrant a man of reasonable caution' to believe that evidence of a crime will be found." Id. (quoting Texas v. Brown, 460 U.S. 730, 742 (1983) (plurality opinion)). The probable cause standard does not require a showing that such a belief is correct or more likely true than false." See id.

With these standards in mind, we find that the search warrant was adequately supported by probable cause. Considering all of the circumstances enumerated in Officer Clay's application for the warrant and the great deference we accord the magistrate judge's assessment of probable cause, we find there was indeed a "fair probability" that

3

Bracey possessed counterfeit bills at his residence. We therefore affirm the district court's order denying Bracey's motion to suppress and his convictions and sentences. In light of our holding that the search warrant was valid, we need not address Appellant's additional argument concerning the "good faith" exception of United States v. Leon, 468 U.S. 897 (1984). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4