UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 97-4820

GERALD STEPHEN KINNISON,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
James R. Spencer, District Judge.
(CR-97-133)

Submitted: June 9, 1998

Decided: September 14, 1998

Before NIEMEYER and WILLIAMS, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

John C. Ivins, Jr., Chandra D. Lantz, HIRSCHLER, FLEISCHER,
WEINBERG, COX & ALLEN, Richmond, Virginia, for Appellant.
Helen F. Fahey, United States Attorney, N. George Metcalf, Assistant
United States Attorney, W. Barry Montgomery, Third Year Law Stu-
dent, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

At issue in this case is whether agents of the United States Secret Service had probable cause to search Gerald Kinnison's car after they arrested him for credit card fraud. We find that the agents had probable cause to search Kinnison's car and thus affirm his conviction.

On March 28, 1997, secret service agents arrested Kinnison while he was visiting his probation officer at the United States Court House Annex in Richmond, Virginia. Agents then transported Kinnison to a nearby field office for questioning. Due to an ongoing investigation the agents had reason to believe that Kinnison had been obtaining credit cards in the names of other individuals, and that he used one such credit card to pay for repairs and to buy one set of custom wheels for his 1995 Honda Accord. Following Kinnison's arrest, Secret Service special agent Greg Regan searched the area surrounding the courthouse in an effort to find Kinnison's car. Regan found the Honda, and special agent Gerard Gaughran seized the car and parked it in a parking garage under the building in which the Secret Service field office is located.

Agent Gaughran then applied for search warrants to search Kinnison's residence, his 1995 Honda Accord, a personal computer that Kinnison had recently sold, and two U-Haul storage lockers allegedly leased by Kinnison. Gaughran's affidavit and application accompanying the search warrant for Kinnison's car recited Gaughran's extensive experience investigating credit card fraud crimes, the facts relating to his investigation of Kinnison's alleged fraudulent activities, and that he suspected that a search of Kinnison's car would reveal evidence of Kinnison's fraudulent activities. The affidavit specifically noted that an investigation had uncovered evidence that credit cards issued in other people's names had been sent to Kinnison's address, and that Kinnison had used the credit cards to pay for

2

service repairs and to buy a set of custom wheels for his 1995 Honda Accord. The magistrate judge issued Gaughran a warrant to search Kinnison's car, and a subsequent search of the car uncovered a gun inside a locked gun case in the trunk.

Kinnison was then indicted on charges of mail fraud, credit card fraud and unlawful possession of a handgun. He filed a motion to suppress the gun found in the trunk of his car as the fruit of an illegal search and seizure.* The district court found that the search warrant for the car was supported by probable cause and denied the motion. Kinnison then pled guilty to aiding and abetting credit card fraud in violation of 18 U.S.C. §§ 2, 1029(a)(2) (1994), and possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1), 924(e)(1) (1994). His plea agreement preserved the right to appeal the district court's order denying his suppression motion. This appeal followed.

A district court's determination of probable cause under the Fourth Amendment is an issue of law that this court reviews de novo. United States v. Wilhelm, 80 F.3d 116, 118 (4th Cir. 1996). In reviewing whether probable cause existed for the issuance of a warrant, "[g]reat deference is to be given a magistrate's assessment of the facts" and the "inquiry is directed to whether the magistrate had a substantial basis for his conclusion that probable cause existed." See United States v. Williams, 974 F.2d 480, 481 (4th Cir. 1992). This court has adopted a standard for assessing probable cause which "allows a magistrate to review the facts and circumstances as a whole and make a common sense determination of whether `there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" See Williams, 974 F.2d at 481 (citing Illinois v. Gates, 462 U.S. 213, 238 (1983)).

_____

*Kinnison also moved to suppress evidence uncovered in searches of his residence, the U-Haul lockers, and his personal computer. The district court denied his suppression motion with respect to his residence and his computer, and granted his motion with respect to the U-Haul lockers. On appeal Kinnison only contests the validity of the search of his car, and thus we express no opinion on the legality of these other searches.

3

The affidavit submitted in support of the search warrant for Kinnison's car contained specific allegations that Kinnison obtained credit cards through fraudulent means and then used these credit cards to repair and buy new wheels for his car. The affidavit and the application itself stated that it was the agent's belief that a search of the car would uncover evidence related to Kinnison's fraudulent credit-card activities. Considering that Kinnison was alleged to have used the credit cards to pay for repairs on and to buy new wheels for the very car the agents sought to search, we find entirely reasonable the magistrate judge's determination that there was a fair probability that a search of the car would uncover evidence of Kinnison's alleged fraudulent activities.

Accordingly, we agree with the district court that the search of Kinnison's car was supported by probable cause and thus affirm his conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4