**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

v.

STEVEN LAMONT TURNER,
  *Defendant-Appellant.*

No. 01-4359

Appeal from the United States District Court
for the Western District of Virginia, at Roanoke.
James C. Turk, District Judge.
(CR-00-79)

Submitted: December 18, 2001

Decided: January 7, 2002

Before WIDENER and WILKINS, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Clayman R. Norfleet, THE LAW OFFICE OF CLAYMAN R. NOR-
FLEET, P.C., Martinsville, Virginia, for Appellant. John L. Brown-
lee, United States Attorney, Anthony P. Giorno, Assistant United
States Attorney, Roanoke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Steven Lamont Turner appeals his conviction and sentence imposed after he entered a conditional plea of guilty to possession with intent to distribute cocaine base in violation of 21 U.S.C.A. § 841 (West 2000), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C.A. § 924(c) (West 2000). We affirm.

After the district court denied his motion to suppress evidence, Turner entered a conditional plea agreement, which permitted him to appeal the denial of the motion to suppress. Turner timely appealed the denial, contending the search warrant was invalid because it was based on stale probable cause and the good faith exception was inapplicable.

We review findings of fact made by a district court in ruling on a motion to suppress for clear error and review the ultimate suppression decision de novo. *United States v. Rusher*, 966 F.2d 868, 873 (4th Cir. 1992). Our inquiry is whether the magistrate had a substantial basis for his conclusion that probable cause existed based on the totality of the circumstances. *Illinois v. Gates*, 462 U.S. 213, 238 (1983); *United States v. Williams*, 974 F.2d 480, 481 (4th Cir. 1992). Time is a crucial element of probable cause for issuance of a search warrant; however, the passage of time in itself is not necessarily dispositive. *United States v. McCall*, 740 F.2d 1331, 1335-36 (4th Cir. 1984).

We find the affidavit of probable cause attached to the search warrant recited the facts in support of the warrant and provided the magistrate with a substantial basis for determining probable cause existed. Thus, the district court did not err in finding the magistrate had probable cause for the issuance of the search warrant and in denying Turner's motion to suppress.

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*