**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 05-5175**

—————————

UNITED STATES OF AMERICA,

                                    Plaintiff - Appellee,

     versus

KELVIN TREMAYNE DAVIS,

                                  Defendant - Appellant.

—————————

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Lacy H. Thornburg, District Judge. (1:05-cr-00206)

—————————

Submitted: June 6, 2007              Decided: July 9, 2007

—————————

Before NIEMEYER and TRAXLER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

—————————

Affirmed by unpublished per curiam opinion.

—————————

David G. Belser, BELSER & PARKE, Asheville, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, Thomas Cullen, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kelvin Tremayne Davis appeals his conviction and sentence after pleading guilty to possession with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2000), and possession of a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (2000). On appeal, Davis contends that the district court erred in denying his motion to suppress evidence found pursuant to a search of a motel room that he had allegedly rented. Davis asserts that the affidavit submitted in support of the search warrant failed to establish probable cause because (1) there was no basis to determine the reliability of the anonymous tip provided by a "concerned citizen," (2) the anonymous tip was not sufficiently corroborated, (3) police surveillance uncovered no criminal actions on Davis' part and largely involved individuals other than himself, (4) there was an insufficient nexus between the observed conduct and the subject motel room, and (5) the inclusion of Davis' arrest record was factually misleading.

Legal conclusions underlying the denial of a motion to suppress are reviewed de novo, while factual findings are reviewed for clear error. United States v. Moreland, 437 F.3d 424, 429 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006). The evidence is construed "in the light most favorable to the . . . prevailing party below." United States v. Seidman, 156 F.3d 542, 547 (4th

Cir. 1998). When making a probable cause determination, courts use a "totality of the circumstances" analysis, allowing the judge to review the facts as a whole and make a common sense determination as to whether there is a "fair probability that contraband or evidence of a crime will be found in a particular place." United States v. Williams, 974 F.2d 480, 481 (4th Cir. 1992) (quoting Illinois v. Gates, 462 U.S. 213, 238 (1983)). On review by an appellate court, a magistrate judge's finding of probable cause is entitled to "great deference." Williams, 974 F.2d at 481.

After thoroughly reviewing the record and the parties' submissions, we conclude that the district court did not err in denying Davis' motion to suppress. Surveillance of Davis, and of the motel room from which the evidence was seized, provided more than ample reason to support the search of that room. Moreover, the anonymous tip that alerted police to the possibility of drug dealing at the motel room was sufficiently corroborated by adequate police work. The inclusion of Davis' arrest record in the warrant application was not improper in light of the other evidence, notwithstanding the fact that two of Davis' prior arrests led to reduced charges or dismissals. In short, Davis' claims are meritless. Accordingly, we affirm Davis' conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.