**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-4623**

_____

UNITED STATES OF AMERICA,

                    Plaintiff - Appellant,

          v.

COREY A. MOORE,

                    Defendant - Appellee.

_____

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.    Alexander  Williams,  Jr.,  District
Judge.  (8:10-cr-00648-AW-1)

_____

Argued:  January 26, 2012          Decided:  April 24, 2012

_____

Before WILKINSON, GREGORY, and KEENAN, Circuit Judges.

_____

Reversed  and  remanded  by  unpublished  opinion.    Judge  Keenan
wrote  the  majority  opinion,  in  which  Judge  Wilkinson  joined.
Judge Gregory wrote a dissenting opinion.

_____

**ARGUED:** Jonathan  Biran,  OFFICE  OF  THE  UNITED  STATES  ATTORNEY,
Baltimore, Maryland, for Appellant.   Brian Keith McDaniel, BRIAN
K. MCDANIEL & ASSOCIATES, Washington, D.C., for Appellee.
**ON BRIEF:** Rod J. Rosenstein, United States Attorney, Mara Zusman
Greenberg,  Assistant  United  States  Attorney,  Jonathan  Lenzner,
Assistant  United  States  Attorney,  OFFICE  OF  THE  UNITED  STATES
ATTORNEY, Baltimore, Maryland, for Appellant.

_____

Unpublished opinions are not binding precedent in this circuit.

KEENAN, Circuit Judge:

In this interlocutory appeal filed pursuant to 18 U.S.C. § 3731, the government challenges the district court's order granting Corey A. Moore's motion to suppress certain evidence seized during a search of his home. The district court concluded, among other things, that the warrant authorizing the search was so lacking in indicia of probable cause that the officers could not have relied on the warrant in good faith. We reverse the district court's order based on our conclusion that, as a matter of law, the good faith exception to the exclusionary rule established in United States v. Leon, 468 U.S. 897 (1984), is applicable in the present case.

I.

On September 25, 2010, a police officer employed by the City of Takoma Park, Maryland, observed Corey Moore walking on a public street. The officer suspected that Moore had committed an alcohol-related violation because he was carrying a bottle while walking. When the officer attempted to confront Moore, he fled. In the pursuit that followed, both the officer and a bystander witnessed Moore throw a large object into a dumpster. Moore later was apprehended and taken into custody.

When police officers searched the dumpster, they located only one item that resembled the object thrown by Moore. This

2

item was a package that was found to contain more than one-half kilogram of cocaine having an estimated "street" value of $10,000.00.

Two days later, Takoma Park police officers responded to a report of an attempted burglary at a residence located at 118 Sherman Avenue (the residence). A citizen had reported hearing a "thumping noise" outside the residence, and had observed two men run from the driveway of the home. The residence was located on the same block in which the officer first encountered Moore.

After arriving at the scene, the officers inspected the residence and saw a broken window in the basement. The officers contacted the owner of the residence, who informed them that he rented the basement of the residence to Corey Moore. The homeowner also informed the officers that Moore's BMW automobile was parked in front of the residence.

The officers performed a "protective sweep" of the basement of the residence, but found no one there. Detective Charles Hoetzel of the Takoma Park Police Department determined that a grey BMW located across the street from the residence was registered in Moore's name.

Hoetzel provided the above information in an affidavit he submitted to obtain a search warrant for the basement of the residence, except that the affidavit did not mention that the

3

officers had conducted a protective sweep of the basement. A Maryland circuit court judge issued the search warrant, concluding that there was probable cause to believe that narcotics, firearms, and evidence of drug trafficking would be located in the basement of the residence. When Takoma Park police officers executed the search warrant, they found 2.8 kilograms of phencyclidine (PCP), $44,780 in cash, and several firearms.

A federal grand jury returned a four-count indictment against Moore. The indictment charged Moore with: (1) possession with intent to distribute a substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 841(a)(1); (2) possession with intent to distribute one kilogram or more of PCP, in violation of 21 U.S.C. § 841(a)(1); (3) possession of firearms in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c); and (4) being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).

Moore filed a motion to suppress the evidence seized from his residence, arguing that the search warrant did not establish probable cause for the search because the warrant did not contain any information to support an inference that contraband would be found at the residence. Moore further argued that the Leon good faith exception was not applicable because the

4

officers allegedly were aware that probable cause had not been established.

Moore also requested a hearing pursuant to Franks v. Delaware, 438 U.S. 154 (1978), to challenge the veracity of the information contained in the warrant. He based his request for a Franks hearing on the fact that Hoetzel had omitted from the affidavit the information that two days after arresting Moore, police officers had entered the basement of the residence and conducted a protective sweep of the premises, during which no contraband had been observed. Moore argued that this omission was material, and effectively would have negated both a finding of probable cause and the availability of the Leon good faith exception.

The district court concluded that Moore's argument regarding this omission was merely speculative and, therefore, that Moore had not met his burden of establishing the need for a Franks hearing. However, the district court granted Moore's motion to suppress the evidence seized in the search of his home on the ground that the search warrant was not supported by probable cause. The district court further held that the Leon good faith exception was inapplicable, because the warrant was so deficient that the officers could not have relied on it in good faith.

5

The government filed a motion for reconsideration, which the district court denied.  This appeal followed.

## II.

The government argues that the affidavit at issue established probable cause to believe that evidence of a crime would be found in Moore's home.  The government contends that a nexus between Moore's criminal activity and his residence was established, because the affidavit included evidence that Moore had possessed large quantities of cocaine in close proximity to his residence two days before the officers obtained the warrant.  Additionally, the government asserts that, irrespective whether the affidavit for the search warrant established probable cause, the Leon good faith exception to the exclusionary rule is applicable.

In response, Moore argues that the district court correctly granted the motion to suppress, because the affidavit failed to establish probable cause to search the residence based on Moore's earlier possession of cocaine away from his home.  According to Moore, his possession of cocaine, without more, failed to create the necessary nexus between his criminal activity and his residence.  In addition, Moore contends that the Leon good faith exception is inapplicable because the affidavit was so lacking in probable cause that the officers

6

could not reasonably have relied upon it, and because the officers misled the issuing judge by omitting material facts from the affidavit.  We disagree with the result advocated by Moore.

In an appeal from a district court's ruling on a motion to suppress, we review the court's legal conclusions de novo, and the court's factual findings for clear error.  United States v. Buckner, 473 F.3d 551, 553 (4th Cir. 2007).  When, as here, no facts are in dispute, the applicability of the Leon good faith exception presents a question of law that we review de novo.  United States v. DeQuasie, 373 F.3d 509, 520 (4th Cir. 2004).

In determining whether a search warrant is supported by probable cause, a judicial officer must consider "the facts and circumstances as a whole and make a common sense determination [] whether 'there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" United States v. Williams, 974 F.2d 480, 481 (4th Cir. 1992) (quoting Illinois v. Gates, 462 U.S. 213, 238 (1983)).  A reviewing court accords great deference to a judicial officer's determination of probable cause.  United States v. Clyburn, 24 F.3d 613, 617 (4th Cir. 1994) (citing Gates, 462 U.S. at 236).

We long have held that "the nexus between the place to be searched and the items to be seized may be established by the nature of the item and the normal inferences of where one would

7

likely keep such evidence." United States v. Anderson, 851 F.2d 727, 729 (4th Cir. 1988). Thus, when factually supported, a sufficient nexus between a defendant's residence and criminal activity may be established even when the affidavit in support of the search warrant does not contain factual information directly linking the items sought to that residence. United States v. Grossman, 400 F.3d 212, 217 (4th Cir. 2005). Accordingly, we have declined to require direct evidence that drugs are located in a residence when other facts and circumstances sufficiently establish probable cause for the search. Id. at 214.

Based on the present record, however, we need not determine whether the search warrant for Moore's home was supported by probable cause. Instead, as permitted under Leon, we proceed directly to consider the issue whether the officers could have relied in good faith upon the issued search warrant. See Leon, 468 U.S. at 925; United States v. Andrews, 577 F.3d 231, 235 (4th Cir. 2009) (exercising discretion to proceed to good faith exception); United States v. Legg, 18 F.3d 240, 243 (4th Cir. 1994) (same).

Evidence seized in violation of the Fourth Amendment generally is subject to suppression under the exclusionary rule. See Andrews, 577 F.3d at 235 (citing United States v. Calandra, 414 U.S. 338, 347-48 (1974)). However, in its decision in Leon,

the Supreme Court has instructed that a court should not suppress "the fruits of a search conducted under authority of a warrant, even a 'subsequently invalidated' warrant, unless 'a reasonably well trained officer would have known that the search was illegal despite the magistrate's authorization.'" United States v. Williams, 548 F.3d 311, 317 (4th Cir. 2008) (quoting Leon, 468 U.S. at 922 n.23)). Thus, under this good faith exception, "evidence obtained pursuant to a search warrant issued by a neutral magistrate does not need to be excluded if the officer's reliance on the warrant was 'objectively reasonable.'" United States v. Perez, 393 F.3d 457, 461 (4th Cir. 2004) (citing Leon, 468 U.S. at 922).

An officer's reliance on a warrant does not qualify as being "objectively reasonable," requiring that the seized evidence be excluded in the following circumstances: (1) when the affiant based the application for a search warrant on false information that was supplied either knowingly or recklessly; (2) when the judicial officer wholly abandoned his role as a neutral decisionmaker and served simply as a 'rubber stamp' for the police officers; (3) when the affidavit supporting the search warrant was so lacking in indicia of probable cause that official belief in its existence was objectively unreasonable; and (4) when the search warrant was so facially deficient that the police officers could not reasonably have believed that the

warrant was valid.  United States v. Wellman, 663 F.3d 224, 228–29 (4th Cir. 2011) (citing United States v. Doyle, 650 F.3d 460, 467 (4th Cir. 2011)).

In conducting this Leon analysis, we will assume, without deciding, that the information contained in the affidavit was insufficient to establish probable cause, and instead consider whether the police officers' reliance on the search warrant was objectively reasonable.  See Wellman, 663 F.3d at 228.  Moore argues, in effect, that the present affidavit falls under the third Leon exclusion.[1]  Upon our review, we conclude that the affidavit was not so lacking in indicia of probable cause that the officers' reliance on the warrant was objectively unreasonable.  See Leon, 468 U.S. at 923.

The affidavit stated that Moore had possessed a substantial amount of cocaine, worth an estimated $10,000, on the same block where the residence was located.  The affidavit also recited that Moore's landlord verified that Moore lived in the basement of the residence.  The affidavit further stated that the police

---

[1]  Although Moore also contends that the Maryland judge issuing the search warrant acted as a "rubber stamp" for the Takoma Park officers, the record does not provide any basis to support a conclusion that the Maryland judge abandoned his role as a neutral and detached decisionmaker.  Because the basis of Moore's argument in this regard is that the search warrant application contained grossly insufficient information, we analyze his contention under the third Leon exclusion.  See Wellman, 663 F.3d at 229 (citing Doyle, 650 F.3d at 470).

had determined that a grey BMW parked across the street from the residence was registered in Moore's name. In addition, Detective Hoetzel stated in the affidavit that "based upon his training, experience, and participation in narcotics investigations" during his seven-year tenure with the City of Takoma Park Police Department, that drug traffickers tend to hide contraband, firearms, and evidence of drug transactions "in a secure location," to which they can obtain "ready access."

We conclude that these statements in the affidavit provided sufficient indicia of probable cause to meet the requirements of the Leon good faith exception. In particular, Moore's possession of a large amount of cocaine in close proximity to his residence, combined with Detective Hoetzel's stated experience that drug traffickers tend to keep contraband and other evidence of drug transactions in a secure place to which they retain ready access, established a plausible nexus between the place to be searched and the presence of contraband items related to the distribution of narcotics.

We observe that the Supreme Court recently rejected a similar challenge to a search warrant when the supporting affidavits contained information of a suspect's residence, of his gang membership, and that he committed an assault with a firearm at a separate location. Messerschmidt v. Millender, 132 S. Ct. 1235, 1242-43 (2012). The warrant was challenged as

11

lacking any facts to support probable cause to search the suspect's residence for any firearms and evidence of gang membership. Id. at 1242, 1246. Although the affidavits contained no facts directly linking firearms or evidence of gang activity to the residence, the Court held that the officers could have reasonably relied upon the warrant to search for such items. Id. at 1246-49. The holding in Messerschmidt further supports our conclusion that, in the present case, the affidavit provided a sufficient nexus between the place to be searched and criminal activity alleged to meet the requirements of the Leon good faith exception. Accordingly, we conclude that the evidence seized in the search of Moore's residence should not have been suppressed, because the officers' reliance on the warrant was objectively reasonable. See Leon, 468 U.S. at 922; Perez, 393 F.3d at 461.

Our conclusion is not altered by Moore's argument quoting from our decision in United States v. Lalor, 996 F.2d 1578 (4th Cir. 1993), in which we stated that "residential searches have been upheld only where some information links the criminal activity to the defendant's residence." Id. at 1583 (citing Williams, 974 F.2d at 481-82). In Lalor, we were careful to explain that the affidavit in that case had not established any relationship between the area where the defendant allegedly conducted drug transactions and the location of the defendant's

12

home.  Id. at 1583.  Importantly, we observed that the record did not show the distance between the searched premises and the location of the defendant's drug activity, and we stated that this distance could have been significant because "the magistrate might have been able to draw an inference from the proximity of the drug sales to Lalor's residence."  Id.

In contrast to the affidavit at issue in Lalor, the affidavit before us conclusively established the close proximity of the place where the defendant's criminal activity occurred to the premises to be searched.  Moreover, in Lalor, we ultimately held that despite the absence of a demonstrated nexus between the location to be searched and the defendant's criminal activity, the Leon good faith exception still was applicable. 996 F.2d at 1583.  Thus, the decision in Lalor not only fails to aid Moore's position, but provides significant support to our conclusion that the officers executing the search warrant of Moore's residence could have relied in good faith upon that warrant.

Moore argues, nevertheless, that the good faith exception of Leon is inapplicable because Hoetzel omitted from the affidavit any reference to the officers' protective sweep of Moore's residence after the report of the attempted burglary. We note that, in making this argument, Moore does not challenge the district court's denial of a Franks hearing, but instead

13

argues that the good faith exception is inapplicable because the judge issuing the search warrant was "misled regarding the information in the possession of law enforcement which would have militated against the probable cause finding."[2]

Although we disagree with the conclusion Moore advances, we likewise are troubled that Hoetzel's affidavit omitted the fact that Takoma Park police officers earlier had entered the basement of the residence to conduct a protective sweep. The government has offered no justification why discussion of the protective sweep was omitted from the affidavit, while all other aspects of the officers' response were described in detail. Nevertheless, on this record, we cannot conclude that Moore's challenge to the application of the Leon good faith exception is meritorious.

When a warrant is challenged on the theory that an officer omitted material facts in an affidavit, either intending to mislead the magistrate or in reckless disregard whether the omission rendered the affidavit misleading, the defendant must show: (1) that the officer deliberately or recklessly omitted the information at issue; and (2) that the inclusion of this information would have been material to the probable cause

---

[2] Moore does not argue in any part of this appeal that the district court erred in denying his motion for a Franks hearing. In fact, Moore does not even refer to a Franks hearing in his brief filed with this Court.

14

determination.  See United States v. Colkley, 899 F.2d 297, 301 (4th Cir. 1990); see also Andrews, 577 F.3d at 238-39 (conducting this inquiry on issue whether the Leon good faith exception applied when officer omitted information from a search warrant application).  We agree with the district court that, although information about the protective sweep would have been helpful to the judge reviewing the search warrant application, Moore's argument that the information was deliberately omitted rests on total speculation.

Moore also has failed to show that inclusion of this information would have been material to the probable cause determination.  A protective sweep is justified when a reasonably prudent officer would be warranted "in believing that the area to be swept harbors an individual posing a danger to those on the . . . scene." Maryland v. Buie, 494 U.S. 325, 334 (1990).  Because the officers had received a report of an attempted burglary at the residence and had observed a broken basement window at that location, the officers were justified in thinking that the basement could have harbored a person who posed a danger to nearby residents.  And, as the district court succinctly stated, "if [a protective sweep is] done properly, it's just a cursory look, not a search but a sweep just to see who is there."

We have no basis to conclude, nor does Moore argue, that the officers conducted an impermissible search of the basement of the residence in the guise of a protective sweep. Moreover, we cannot conclude from the present record that if the affidavit had contained the information that the officers conducted a protective sweep, and that no contraband was observed in plain view at that time, this additional information would have been material to the probable cause determination. Therefore, we hold that Moore has failed to establish a basis for excluding application of the Leon good faith exception. See Andrews, 577 F.3d at 239. Accordingly, because we conclude that the affidavit was not so lacking in indicia of probable cause as to render official belief in its existence objectively unreasonable, we hold that the Leon good faith exception is applicable and the district court erred in granting Moore's motion to suppress.

## III.

For these reasons, we reverse the district court's order granting the motion to suppress, and we remand the case to the district court for further proceedings.

REVERSED AND REMANDED

16

GREGORY, Circuit Judge, dissenting:

## I.

A police officer saw Moore, an African-American male, walking along the sidewalk of an affluent, suburban neighborhood and approached him because he appeared to be carrying a container that the officer suspected to be alcohol. After Moore fled in response to the officer's signal to approach, the officer gave chase. Moore discarded the container into a dumpster. Although the officer found drugs in the dumpster, the bag with the drugs inside bore no resemblance to a bottle of alcohol.

Two days later while investigating an unrelated break-in, police learned that Moore was renting a basement apartment of a home near the area where he was seen walking. They then sought and obtained a search warrant for Moore's basement residence. The sole basis for seeking the warrant to search his home was the fact that a few days earlier, Moore had possessed drugs near that location. In fact, before encountering Moore on the sidewalk on the day of his arrest, the police had no information or observation relating to Moore possessing or distributing drugs in his neighborhood or any place for that matter. Equally troubling, the police never told the magistrate that they had already entered Moore's apartment and not seen any evidence of drug possession or trafficking. In fact, in detailing the

17

police response to the unrelated break-in in the affidavit, Detective Hoetzel affirmatively omitted that police entered the basement residence and did not see any contraband or indication of narcotics trafficking. Yet my dear colleagues find that the defective warrant, lacking any indicia of probable cause and issued under these misleading circumstances, is entitled to the protection of the "good faith" exception under United States v. Leon, 468 U.S. 897 (1984). I respectfully submit that this is wrong.

## II.

The district court correctly concluded that the affidavit supporting the request for the search warrant of Moore's residence did not include sufficient evidence to establish that Moore was involved in the drug trade or that it was probable that evidence of narcotics trafficking would be found in his apartment.

"To establish probable cause that evidence of a crime is located in a particular place, an affiant must establish a connection between the evidence of a crime and the place to be searched." United States v. Anderson, 851 F.2d 727, 729 (4th Cir. 1988). In every case where this Court has found a sufficient nexus between a defendant's criminal conduct and his residence, the affidavit supporting the warrant had at least

18

<u>some</u> factual assertion or allowable inference linking the items sought to the defendant's residence. And where this Court has declined to require specific evidence of the existence of drugs in a residence, it is <u>only</u> where other facts sufficiently established probable cause for the search. <u>United States v. Grossman</u>, 400 F.3d 212, 214 (4th Cir. 2005) ("We decline to require specific evidence of the existence of drugs in a residence <u>where other facts sufficiently establish probable cause for the search</u>.") (emphasis added).

Here, there was virtually no investigation of Moore or assertion in the affidavit which supported the conclusion that probable cause for the warrant existed. As the district court aptly noted and in stark contrast to the investigatory facts included in facially sufficient affidavits, there was nothing in the affidavit in this case to support a permissible inference that Moore was in fact a drug dealer and that the tools of that trade would be found in his home. The affidavit did not include any information evidencing Moore's selling narcotics to cooperating witnesses or informants, any surveillance by law enforcement of any illegal or suspicious activity on the part of Moore in the days or weeks leading up to his initial encounter with law enforcement, any reference to Title III wiretap recordings evidencing drug activity on the part of Moore, any reference to the prior criminal history of Moore, any tip

19

information from a reliable confidential source alleging Moore's participation in drug trafficking, or any other information except the assertion that Moore had discarded one half kilogram of powder cocaine two days prior to the request.  The sole fact that Moore possessed narcotics on a nearby street cannot establish probable cause that evidence of narcotics trafficking would be found in his home.

The district court was correct in finding that the normal indicia of investigative fruit were absent and that the affidavit was lacking in probable cause to believe that any contraband would be present in Moore's residence.

III.

The only remaining issue is whether the "good faith" exception under Leon applies.  Under the good faith exception, evidence obtained from an invalid search warrant will not be suppressed if the officer's reliance on the warrant was "objectively reasonable."  United States v. Perez, 393 F.3d 457, 461 (4th Cir. 2004) (citing Leon, 468 U.S. at 922).  Leon identifies four circumstances in which an officer's reliance on a warrant would not qualify as "objectively reasonable:" (1) when the magistrate judge in issuing a warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of

the truth; (2) when the magistrate has acted as a rubber stamp for the officer and so wholly abandoned his detached and neutral judicial role; (3) when a supporting affidavit is so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; and (4) when a warrant is so facially deficient in failing to particularize the place to be searched or the things to be seized that the executing officers cannot reasonably presume it to be valid.  Id.

The district court did not err in holding that the good faith exception is unavailable here.  The combination of the first and third circumstances identified by Leon -- that the judge was misled by information in the affidavit and that the supporting affidavit was "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable," Leon, 468 U.S. at 923 -- compels the application of the exclusionary rule in this case.  As detailed above, this affidavit fell far short of providing probable cause for a search warrant as it was devoid of any basis from which the magistrate could infer that evidence of drug activity would be found in the basement residence.  Moreover, contrary to the majority's contention, ante at 15, the fact that officers previously entered the residence, performed a protective sweep, and observed no contraband, is absolutely material to the reviewing judge's probable cause determination when, as here,

21

the officers' response to the attempted break-in was described in detail in the affidavit -- suggesting this was not merely a negligent omission -- and nothing approaching the information necessary for probable cause is provided in the affidavit.

The Leon Court crafted the good faith exception to avoid a deterrent effect on "objectively reasonable law enforcement activity." Id. at 919. This is not a case of "objectively reasonable law enforcement activity." Not only did Detective Hoetzel fail to provide information of any kind that would in itself have provided probable cause, he affirmatively omitted the fact that law enforcement had previously entered the basement residence and did not see any illegal contraband in the location. The omission of this prior entrance in the recounting of the attempted break-in in the affidavit is not only misleading, it also suggests that the officer's reliance on the resulting warrant was not reasonable. Clearly, this does not support a finding of good faith.


IV.

The right to privacy in one's home is a most important interest protected by the Fourth Amendment. The majority's application of the good faith exception to this warrant ratifies police use of insufficient and misleading affidavits to justify

22

searching someone's home.  For the reasons set forth above, I respectfully dissent.