**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4155**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

VERNARD BUCKMAN, JR.,

Defendant - Appellant.

**No. 19-4227**

UNITED STATES OF AMERICA,

Plaintiff - Appellant,

v.

VERNARD BUCKMAN, JR.,

Defendant - Appellee.

Appeals from the United States District Court for the District of South Carolina, at Spartanburg.  J. Michelle Childs, District Judge.  (7:17-cr-00528-JMC-1)

Submitted:  February 28, 2020              Decided:  April 16, 2020

Before FLOYD and RUSHING, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Mario A. Pacella, STROM LAW FIRM, LLC, Columbia, South Carolina, for Appellant/Cross-Appellee. Sherri A. Lydon, United States Attorney, Columbia, South Carolina, William J. Watkins, Jr., Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee/Cross-Appellant.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Vernard Buckman, Jr., appeals his conviction and sentence for possessing a firearm as a felon and a person convicted of a misdemeanor crime of domestic violence, in violation of 18 U.S.C. § 922(g)(1), (9) (2018). On appeal, Buckman argues that the district court improperly declined to suppress the evidence from his vehicle and improperly enhanced his advisory Sentencing Guidelines range for obstruction of justice. The Government has cross-appealed and moved for remand for resentencing, arguing that the district court improperly declined to sentence Buckman as a career offender under the Guidelines and as an armed career criminal under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e) (2018). We affirm Buckman's conviction but vacate the sentence and remand for resentencing.

An affidavit supporting a warrant that authorizes a search or seizure "must provide the magistrate with a substantial basis for determining the existence of probable cause" in light of the totality of the circumstances. *Illinois v. Gates*, 462 U.S. 213, 239 (1983); *see United States v. Lull*, 824 F.3d 109, 115 (4th Cir. 2016). "[T]o establish probable cause, the facts presented to the magistrate need only 'warrant a man of reasonable caution' to believe that evidence of a crime will be found." *United States v. Williams*, 974 F.2d 480, 481 (4th Cir. 1992) (per curiam) (quoting *Texas v. Brown*, 460 U.S. 730, 742 (1983) (plurality opinion)). In deciding whether probable cause exists, "a judicial officer must simply make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit[,] there is a fair probability that contraband or evidence of a crime will

be found in a particular place." *United States v. Allen*, 631 F.3d 164, 172 (4th Cir. 2011) (ellipsis and internal quotation marks omitted).

In reviewing the denial of a motion to suppress, we review a district court's conclusions of law de novo and underlying factual findings for clear error. *United States v. Hashmine*, 734 F.3d 278, 282 (4th Cir. 2013). We give "great deference" to factual determinations made by magistrate judges regarding probable cause. *United States v. McNeal*, 818 F.3d 141, 150 (4th Cir. 2016); *see Gates*, 462 U.S. at 236. In that light, we conclude that the district court did not clearly err in denying Buckman's motion to suppress. Buckman left the scene of an incident involving the firearm and the mother of his child in an unspecified vehicle; 15 minutes later, he arrived at her home in the vehicle that was ultimately searched. As the district court noted, there was no reason for law enforcement to believe that Buckman had switched cars. These facts support a "fair probability" that the vehicle might contain evidence of the crime. Accordingly, we affirm Buckman's conviction.

In reviewing whether a sentencing court properly calculated a Guidelines range, including its application of a sentencing enhancement, we review the district court's legal conclusions de novo and its factual findings for clear error. *United States v. Fluker*, 891 F.3d 541, 547 (4th Cir. 2018); *see United States v. Andrews*, 808 F.3d 964, 966 (4th Cir. 2015) (reviewing application of obstruction of justice enhancement). We will find clear error only if we are "left with the definite and firm conviction that a mistake has been committed." *United States v. Cox*, 744 F.3d 305, 308 (4th Cir. 2014) (internal quotation marks omitted).

4

Our review of the record and the relevant legal authorities leads us to conclude that the district court improperly enhanced Buckman's offense level for obstruction of justice. "Where the enhancement for obstruction of justice is based on a defendant's perjurious testimony, trial court findings should encompass the factual predicates for perjury, namely that the defendant (1) gave false testimony; (2) concerning a material matter; (3) with willful intent to deceive." *Andrews*, 808 F.3d at 969 (internal quotation marks omitted); *see United States v. Dunnigan*, 507 U.S. 87, 95 (1993). Where "a defendant objects to a sentence enhancement resulting from [his] trial testimony, a district court must review the evidence and make independent findings necessary to establish" these elements. *Dunnigan*, 501 U.S. at 95. While a district court may satisfy this requirement by making "a finding of an obstruction of, or impediment to, justice that encompasses all of the factual predicates for 'perjury,' it is preferable for a district court to address each element of the alleged perjury in a separate and clear finding." *Id.* Here, the district court did not make any findings on those factual predicates, instead stating only that it was "going to rule with the Government on that particular objection." (J.A. 394).[*] Thus, we vacate Buckman's sentence and remand for resentencing. *See United States v. Smith*, 62 F.3d 641, 647 (4th Cir. 1995).

Finally, as the Government argues in its cross-appeal and motion to remand, we recently held that § 44-53-375(B) of the South Carolina Code is subject to the modified categorical approach, and we concluded that a prior conviction for South Carolina

---

[*] "J.A." refers to the joint appendix filed by the parties in this appeal.

distribution of crack cocaine qualified as a "serious drug offense" and "controlled substance offense." *United States v. Furlow*, 928 F.3d 311, 322 (4th Cir.), *petition for cert. filed*, No. 19-7007 (U.S. Dec. 13, 2019). In this case, Buckman has two prior convictions for South Carolina distribution of crack cocaine. Based on *Furlow*, which we decided after Buckman's sentencing, the district court's conclusion that Buckman's South Carolina drug convictions did not qualify as predicate convictions for purposes of the career offender Guidelines and the ACCA was incorrect. Therefore, we grant the Government's motion and remand for resentencing on that ground as well.

Accordingly, we affirm Buckman's conviction, vacate his sentence, and remand for resentencing. We also deny Buckman's motion to file a pro se supplemental brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED IN PART,*
*AND REMANDED*